UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| S. D. HOLIDAY[1], | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-302 |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
|         Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, S. D. Holiday, on September 8, 2023. For the following reasons, the decision of the Commissioner is **REMANDED**.

*Background*

The plaintiff, S. D. Holiday (Holiday), filed an application for Disability Insurance Benefits and Supplemental Security Income on September 14, 2021, alleging a disability onset date of May 1, 2020. (Tr. 10). The Disability Determination Bureau denied Holiday's application initially on November 8, 2021, and again upon reconsideration on March 1, 2022. (Tr. 10). Holiday subsequently filed a timely request for a hearing on April 14, 2022. (Tr. 10). A hearing was held via telephone on November 29, 2022, before Administrative Law Judge (ALJ) Lawrence Blatnik. (Tr. 10). Vocational Expert Robert A. Mosely testified at the hearing. (Tr. 10). Following the hearing, the ALJ issued an unfavorable decision on December 28, 2022, finding that Holiday was not disabled and was ineligible for the benefits she had requested. (Tr. 10-11). The Appeals Council denied review, making the ALJ's decision the final decision of the

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

Commissioner of Social Security. (Tr. 145, 154).

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act, the ALJ found that Holiday did have a continuous 12-month period in which she did not engage in substantial gainful activity. (Tr. 12-13).

At step two, the ALJ determined that Holiday had the severe impairments of depression, an anxiety disorder, and herpes simplex, type II. (Tr. 13).

At step three, the ALJ concluded that Holiday did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13). As relevant here, however, the ALJ also determined that Holiday did have moderate limitations in concentrating, persisting, or maintaining pace; moderate limitations in interacting with others; moderate limitations in adapting or managing oneself; and mild limitations in understanding, remembering, or applying information. (Tr. 13-14).

Following step three, the ALJ then assessed Holiday's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift or carry 20 pounds occasionally and ten pounds frequently. She can sit, stand and walk all for at least six hours. She can occasionally climb ladders or scaffolds, and can frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs. She is limited to occasional exposure to extreme cold or heat, humidity, and must avoid concentrated exposure to fumes, odors, dusts, gases, or pulmonary irritants. She can perform simple, routine, repetitive tasks; make simple work-related decisions; is able to respond appropriately to brief supervision and interactions with co-workers and work situations; and can deal with changes in a routine work setting.

(Tr. 14). The ALJ found that Holiday's medically determinable impairments could be reasonably

expected to cause the type of symptoms she alleged. (Tr. 15). However, the ALJ also held that Holiday's statements relating to the intensity, persistence, and limiting effects of these symptoms conflicted with the other evidence in the record. (Tr. 15).

At step four, considering Holiday's RFC, the ALJ found that she could not perform her past relevant work as a customer service representative. (Tr. 17).

At step five, though, the ALJ found that Holiday could perform jobs which existed in sufficient numbers in the national economy, including those of cafeteria attendant, housekeeping cleaner, and electrical accessories assembler. (Tr. 18-19). As a result, the ALJ found that Holiday had not been under a disability, as defined in the Social Security Act, since her alleged onset date of May 1, 2020, and was therefore ineligible for the benefits she had requested. (Tr. 18-19).

## *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no

errors of law. **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." **Lopez ex rel. Lopez v. Barnhart**, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A).** The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920.** The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b).** If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c), 416.920(c)**; see **Williams v. Colvin**, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1.** If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. §§ 404.1520(e),**

**416.920(e).** That said, if the claimant shows that her impairment is so severe that she cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering her age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Holiday has requested that the court remand this matter for additional proceedings. In her appeal, she offers three arguments in support of reversing the ALJ's determination of her condition. First, Holiday contends that the ALJ's analysis of her subjective symptoms was neither consistent with the guidance of SSR 16-3p nor supported by substantial evidence. Second, Holiday argues that the ALJ failed to sufficiently account for her moderate limitations in concentration, persistence, and pace in his finding of her RFC. And third, Holiday asserts that the ALJ's evaluation of the medical opinion evidence was not supported by substantial evidence. The court will address Holiday's second argument first.

1. **RFC Findings Related to Concentration, Persistence, and Pace**

The RFC finding is central to the outcome of a Social Security case. This determination represents the claimant's ability to work in consideration of all of her physical and mental limitations, and as such it plays a key role in the ALJ's determination of whether the claimant is disabled and eligible for benefits, or whether she can hold substantial gainful employment on a regular basis. **SSR 96-8p**, 1996 WL 374184, at *1; ***Pepper v. Colvin***, 712 F.3d 351, 362 (7th Cir.

2013); *see also* **Yurt v. Colvin**, 758 F.3d 850, 857 (7th Cir. 2014) ("the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical report."). Since the RFC finding must account for all of a claimant's physical and mental limitations, an ALJ's failure to fully consider even non-severe limitations within the RFC finding warrants remand and reversal. **Denton v. Astrue**, 596 F.3d 419, 423 (7th Cir. 2010); **Golembiewski v. Barnhart**, 322 F.3d 912, 918 (7th Cir. 2003). This is because an RFC finding which does not account for all of a claimant's limitations is not supported by substantial evidence. **Lothridge v. Saul**, 984 F.3d 1227, 1232-33 (7th Cir. 2021).

This rule mandates that the RFC finding duly account for moderate limitations in concentration, persistence, or pace, a phrase often abbreviated to CPP in the Social Security context. *Id.* at 1233. When an ALJ determines that a claimant has moderate CPP difficulties, the ALJ's RFC finding must reflect these difficulties, by limiting the claimant to work she can perform in light of her specific CPP impairments. *See, e.g.*, **Martin v. Saul**, 950 F.3d 369, 373-74 (7th Cir. 2020) (affirming an RFC finding which accounted for all of a claimant's specific CPP impairments). The ALJ is free to determine that a claimant's specific CPP impairments do not warrant extensive limitations in the RFC. *See, e.g.*, **Jozefyk v. Berryhill**, 923 F.3d 492, 497-98 (7th Cir. 2019) (affirming an ALJ's decision not to provide limitations related to claimant's alleged concentration difficulties). Nevertheless, the ALJ must show that he "considered all limitations supported by the record evidence" in making his RFC finding, or else this finding is not supported by substantial evidence. *Id.; see also* **Lothridge**, 984 F.3d at 1233 ("the residual functional capacity analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations.").

Here, the ALJ failed to show that he considered Holiday's moderate limitations in CPP in

6

making his RFC finding. In step three of the five-step evaluation of plaintiff's disability, the ALJ concluded that Holiday had a moderate limitation in CPP. (Tr. 14). Specifically, he acknowledged that Holiday and her friend, Jovan Davison, reported Holiday was having "difficulty staying focused and paying attention." (Tr.14). The ALJ also credited medical treatment records which corroborated Holiday's "impaired concentration and attention." (Tr.14). That said, in his RFC finding, the ALJ failed to show that he accounted for these acknowledged difficulties. Without clear explanation of why he believed no further limitations were necessary to accommodate Holiday's problems maintaining concentration, the ALJ merely limited her to (1) "simple, routine, repetitive tasks"; (2) "simple work-related decisions"; (3) "brief supervision and interactions with co-workers and work situations"; and (4) "changes in a routine work setting." (Tr. 14).

None of these limitations shows due consideration for Holiday's moderate difficulties in CPP. As to the first limitation, the Seventh Circuit repeatedly has held that an ALJ does not sufficiently account for a claimant's problems with concentration by limiting her to performing simple, repetitive tasks. ***O'Connor-Spinner v. Astrue***, 627 F.3d 614, 620 (7th Cir. 2010). This is because, where a claimant struggles to stay focused, "observing that [she] can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." ***Crump v. Saul***, 932 F.3d 567, 570 (7th Cir. 2019); *see also* ***Martin***, 950 F.3d at 373-74 ("someone with problems concentrating may not be able to complete a task consistently over the course of a workday, no matter how simple it may be."). Nor does the second limitation, finding Holiday capable of making simple decisions, show that the ALJ accounted for Holiday's difficulty staying focused, as it is not evident how or why limiting Holiday to simple decisions would accommodate this

7

impairment.

The third and fourth limitations could show the requisite consideration of Holiday's CPP difficulties under different circumstances—contact with a supervisor, interactions with co-workers, and changes to the workplace environment can all be sources of a claimant's problems staying focused. Here, however, these limitations are more reasonably interpreted as the ALJ's accounting for Holiday's other mental impairments. In step three of his analysis, the ALJ found that Holiday had moderate difficulties not only in CPP, but also in interacting with others and in adapting to changes. (Tr. 13-14). Thus the third and fourth RFC limitations, limiting Holiday to brief interactions with supervisors and co-workers, and to changes in a routine work setting, respectively, correspond to these other moderate limitations. Because these RFC limitations more readily respond to Holiday's other impairments, they are not sufficient to show that the ALJ also considered her moderate CPP limitation in crafting the RFC finding. *See* **Mischler v. Berryhill**, 766 Fed. Appx. 369, 376 (7th Cir. 2019) (holding that RFC limitation to occasional workplace changes reflected consideration of claimant's difficulty adapting to change, but not claimant's difficulty in CPP); *see also* **Yurt**, 758 F.3d at 858-59 ( "confining the claimant to simple, routine tasks and limited interactions with others" does not account for moderate difficulty in CPP).

Nor did the ALJ show sufficient consideration of Holiday's CPP impairment by basing his RFC findings on the narrative RFC recommendations provided by Dr. Maura Clark and Dr. William Shipley, two state agency psychologists who reviewed Holiday's medical records. (Tr. 17). It is true that, in some cases, an ALJ shows due consideration of a claimant's moderate CPP impairments by basing his RFC finding on the narrative RFC recommendations of a medical expert. *See, e.g.*, **Pavlicek v. Saul**, 994 F.3d 777, 783-84 (7th Cir. 2021); **Johansen v. Barnhart**,

314 F.3d 283, 289 (7th Cir. 2002). However, this is only the case where these narrative RFC recommendations account for all the limitations that an expert has identified, "including specific questions raised in check-box sections of standardized forms." **DeCamp v. Berryhill**, 916 F.3d 671, 676 (7th Cir. 2019); see also **Burmester v. Berryhill**, 920 F.3d 507, 511 (7th Cir. 2019) ("an ALJ may reasonably rely on upon the opinion of a medical expert who *translates* these findings into an RFC determination.") (emphasis added).

The narrative RFC recommendations of Drs. Clark and Shipley do not adequately account for all of the limitations which they recorded regarding Holiday's difficulties in CPP. Though both doctors identified Holiday as "moderately limited" in "the ability to maintain attention and concentration for extended periods" in the check-box sections of their records, this limitation is not incorporated anywhere in their narrative RFC recommendation. (Tr. 95, 113). Instead, similar to the ALJ's RFC finding, Drs. Clark and Shipley merely suggest Holiday be limited to (1) "simple instructions"; (2) "judgments commensurate with functions of simple, repetitive tasks"; (3) "brief supervision and interactions with coworkers"; and (4) "changes in a routine work setting", with no clear discussion of why no further limitations are warranted based on Holiday's difficulties maintaining focus. (Tr. 96, 114). As a result, this case is readily distinguishable from *Pavlicek*, on which the Commissioner relies. There, although the expert who the ALJ relied on identified the claimant as having a moderate limitation maintaining attention and concentration for extended periods in the check-box portion of the medical record, the expert explicitly incorporated this limitation into his narrative RFC by stating that, in his opinion, the claimant still could maintain focus for two-hour periods. *Pavlicek*, 994 F.3d at 780, 783. Because Drs. Clark and Shipley provided no comparable analysis of Holiday's ability to concentrate here, their narrative RFC recommendation did not adequately account for this

limitation identified earlier in their report. And, therefore, by relying on this narrative RFC recommendation without further discussion, the ALJ failed to show sufficient consideration of this impairment in his RFC determination.

Because the ALJ's RFC finding failed to show due consideration of Holiday's moderate difficulties in CPP, the decision is not supported by substantial evidence, and it must be reversed and remanded for consideration of whether Holiday's concentration difficulties warrant further work limitations. Because remand is warranted on these grounds, the court need not address Holiday's remaining arguments regarding the ALJ's evaluation of her subjective symptoms or the medical opinion evidence. The ALJ will be able to address these arguments on remand.

## *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **REMANDED**.

ENTERED this 5th day of June, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge